# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SAFETY VISION, LLC,

    Plaintiff,

v.                                       Case No: 8:20-cv-2556-CEH-JSS

HILLSBOROUGH AREA
REGIONAL TRANSIT AUTHORITY,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court on Defendant Hillsborough Area Regional Transit Authority's Motion for Partial Dismissal (Doc. 11). In the motion, Defendant contends the Court should dismiss Count Four of Plaintiff's Complaint for failing to state a claim for preliminary injunction. Plaintiff, Safety Vision, LLC, filed a response in opposition. Doc. 17. The Court, having considered the motion and being fully advised in the premises, will deny Defendant Hillsborough Area Regional Transit Authority's Motion for Partial Dismissal.

**I.    BACKGROUND**[1]

Plaintiff, Safety Vision, LLC ("Plaintiff" or "Safety") is in the business of mobile video surveillance sales for mass transit, school transportation, law

---

[1] The following statement of facts is derived from the Complaint (Doc. 1), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

enforcement, and other industries. Doc. 1 ¶ 12. Plaintiff markets, distributes, services, and sells vision monitoring systems for public and private vehicles, including mobile video products for use with closed-circuit monitors and wireless transmission. *Id.* ¶ 13. In November 2020, Plaintiff sued Defendant Hillsborough Area Regional Transit Authority ("Defendant" or "HART") in a four-count complaint asserting claims for breach of contract, unjust enrichment, accounting, and declaratory judgment. Doc. 1. The lawsuit arises out of a contract dated January 7, 2019, ("Agreement") wherein Plaintiff was to provide and install digital security cameras and recording devices in more than 280 HART-owned public transportation vehicles. *Id.* ¶¶ 10–11. Prior to the Agreement, Defendant issued the solicitation request for bids which included certain written specifications for the equipment. *Id.* ¶ 16. The same specifications were detailed in the Agreement. *Id.*

According to Plaintiff, Defendant unilaterally terminated the Agreement on November 1, 2019, after Plaintiff had fully performed under the Agreement. *Id.* ¶ 17. Notwithstanding Plaintiff's full performance and Defendant's failure to pay the sum of $826,932 owed under the Agreement, Defendant sent a letter stating Plaintiff was in default. *Id.* Defendant's letter failed to specify how Plaintiff was in default as required by the Agreement. *Id.* ¶ 19. Following Plaintiff's installation of the equipment, Defendant did not reject the equipment. *Id.* ¶ 23. Rather, Defendant continued to use the equipment for months without paying the outstanding amount owed to Plaintiff. *Id.* A payment of $476,553.01 was paid by Defendant in June 2019, but Defendant has failed to pay the remaining sums past due. *Id.* ¶ 24.

Plaintiff has been aggrieved as a result of Defendant's failure to pay the past due amounts owed. *Id.* ¶ 25. In addition to failing to pay, Defendant has not returned the equipment to Plaintiff and has continued to use it claiming ownership of the equipment without having paid for it. *Id.* ¶ 28. Plaintiff submitted a claim to the Contracting Officer per the terms of the Agreement, which was considered by an outside attorney at a hearing conducted February 5, 2020. *Id.* ¶¶ 29, 31. Thereafter, Plaintiff took the next administrative step and commenced an appeal. *Id.* ¶ 32. Plaintiff alleges it has exhausted its administrative remedies under the Agreement. *Id.* ¶ 33.

In Count One of the Complaint, Plaintiff alleges Defendant breached the Agreement by failing and refusing to honor the terms of the Agreement. *Id.* ¶ 38. In Count Two, Plaintiff alternatively pleads that Defendant has been unjustly enriched by receiving the goods and services from Plaintiff for which Defendant has not paid. *Id.* ¶ 39. In Count Three, Plaintiff demands a full accounting of all video and audio recordings attributable to Defendant's ongoing use of Plaintiff's equipment. *Id.* ¶ 41. Plaintiff also seeks all books and records of accounts regarding Defendant's purchase or potential purchase of product lines and equipment from third parties that are the same or similar as Plaintiff's product lines and equipment. *Id.* ¶ 42. Finally, in Count Four Plaintiff seeks a declaratory judgment as to its legal rights and status under the Agreement. *Id.* ¶ 43.

Plaintiff requests injunctive relief under Rule 65, alleging it is likely to succeed on the merits of its claims, it has been irreparably harmed, that an injunction is needed

to avoid further irreparable harm, that it has no remedy at law, and that injunctive relief is necessary to preserve the status quo. *Id.* ¶¶ 44–48.

Defendant answered Counts One, Two, and Three of the Complaint (Doc. 12) and moved to dismiss Count Four (Doc. 11).

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

## III. DISCUSSION

In its motion for partial dismissal, Defendant requests dismissal with prejudice of Count Four because it fails to state a claim for which a preliminary injunction may be awarded. Doc. 11 at 2. Defendant appears to conflate the concepts of dismissal for

failing to state a claim and striking a proposed remedy. Count Four is a claim for declaratory judgment. An injunction is a remedy, not an independent cause of action. "[A]ny motion or suit for either a preliminary or permanent injunction must be based upon a cause of action . . . . There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed. R. Civ. P. 12(b)(6)." *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005) (quoting *Klay v. United Healthgroup, Inc*. 376 F.3d 1092, 1097 (11th Cir. 2004)) (internal quotation marks omitted).

Thus, on the instant motion, the Court must consider, under Fed. R. Civ. P. 12(b)(6), whether Plaintiff states a cause of action for declaratory judgment. The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). To state a claim for declaratory judgment, a plaintiff must allege the existence of a real and substantial case or controversy that is "definite and concrete, touching the legal relations of parties having adverse interests." *Dixie Elec. Co-op. v. Citizens of State of Ala.*, 789 F.2d 852, 858 (11th Cir. 1986) (citing *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 240–41 (1937)). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient

immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (citation omitted).

Here, Plaintiff alleges that "a justiciable controversy exists between the parties" as to the "parties rights, status or other legal relationships arising under the Agreement" for which Plaintiff seeks a declaration from the Court. Doc. 1 ¶ 43. Defendant does not contend that Plaintiff has failed to state a cause of action for declaratory relief, but rather appears to attack Plaintiff's request for injunctive relief only. Plaintiff responds that it has stated a claim for injunctive relief, and in any event, it is too early to make a determination on the current facts and discovery is ongoing. Plaintiff claims that injunctive relief is warranted because it has learned that Defendant is seeking bids to have Plaintiff's equipment removed from Defendant's vehicles by another vendor. Upon consideration of the allegations of the Complaint, which the Court must accept as true on the instant motion, Count Four alleges the elements to state a cause of action for declaratory judgment, and thus the motion to dismiss as to Count Four is due to be denied.

The Court makes no finding in this Order as to Plaintiff's entitlement to injunctive relief. To the extent that Plaintiff is seeking the extraordinary and drastic remedy of a preliminary injunction, Plaintiff must file a separate motion under Fed. R. Civ. P. 65 and demonstrate that it has satisfied the prerequisites for a preliminary injunction.[2]

---

[2] In order to establish entitlement to a preliminary injunction, the moving party must clearly prove: "(1) a substantial likelihood of success on the merits, (2) irreparable injury unless the

Accordingly, it is hereby

**ORDERED**:

1. Defendant Hillsborough Area Regional Transit Authority's Motion for Partial Dismissal (Doc. 11) is **DENIED**.

2. Defendant shall file its Answer to Count Four of Plaintiff's Complaint within 14 days of the date of this Order.

**DONE AND ORDERED** in Tampa, Florida on June 8, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

---

injunction is granted, (3) the threatened injury to the moving party outweighs the damage the injunction may cause to the opposing party, and (4) the injunction would not be adverse to the public interest." *SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A.*, 243 F. App'x 502, 504 (11th Cir. 2007) (citing *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)).